**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LINDA ALLARD and KELLY STRACHE**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**SCI Direct, Inc. d/b/a Neptune Society**<br><br>Defendant. | Civil Case No.: 17-cv-4692<br><br>**Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement** |

This matter comes before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") in the case *Kelly Strache et al. v. SCI Direct, Inc.*, United States District Court for the Northern District of Illinois, Case No. 17-cv-4692 (the "Action"). The Action is brought by Plaintiffs Kelly Strache and Linda Allard ("Plaintiffs") individually and on behalf of all others similarly situated, against Defendant SCI Direct, Inc. ("SCI"). Based on this Court's review of the Settlement Agreement and accompanying release, Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 18), and the arguments of counsel, the Court hereby finds and orders as follows:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Stipulation of Class Action Settlement (Dkt. No. 18-2).

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Classes.

3. <u>Scope of the Settlement</u>. The Settlement resolves all claims for the classes alleged in the Amended Class Action Complaint filed in the Northern District of Illinois on September 29, 2017. See Dkt. 17.

4. <u>Preliminary Approval of Proposed Settlement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable, and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Classes, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement, subject to the following modification of the Release contained in section 3.2 of the agreement:

> 3.2 **The Release.** Upon the Effective Date, and in consideration of the Settlement relief described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished and discharged all Released Claims against each and every one of the Released Parties. The Releasing Parties further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, heirs or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the allegations set forth in the Action.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Classes:

- **Prerecord Class:** Since October 16, 2013, Plaintiff and all persons within the United States to whose telephone number Defendant SCI Direct, Inc. placed a telephone call using CallFire, Inc.'s calling platform when that call was dispositioned as "Answering Machine," "Live Answer," or "Do Not Call."

- **DNC Class**: Since May 27, 2012, Plaintiff and all persons within the United States to whose telephone number Defendant SCI Direct, Inc. placed (or had placed on its behalf) two or more telephone calls in a 12-month period.

6. In Connection with this conditional certification, the Court makes the following preliminary findings: (a) The Classes appear to be so numerous that joinder of all members is impracticable; (b) There appear to be questions of law or fact common to the Classes; (c) Plaintiff Allard's claims appear to be typical of the claims for both the Prerecord Class and the DNC Class; Plaintiff Strache's claims appear to be typical of the claims for the DNC Class; (d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Classes in connection with the Settlement; (e) for purposes of determining whether the Settlement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes; accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation; and (f) for the purposes of the Settlement, certification of the Classes appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Classes.

7. <u>Class Representatives</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedures, the Court appoints Plaintiff Allard to act as class representative for the DNC Class and Prerecord Class. The Court appoints Plaintiff Strache to act as an additional class representative for the Prerecord Class.

8. <u>Class Counsel</u>. The Court appoints Glapion Law Firm, LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. On March 14 at 2:00 PM in Courtroom 1225 of the Everett McKinley Dirksen United States Courthouse, located at 219 South Dearborn Street, Chicago, Illinois 60604, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether (a) final approval of the

Settlement embodied in the Agreement should be granted, (b) Class Counsel's application for attorneys' fees and expenses should be granted, and in what amount, and (c) whether to finally award Plaintiff Allard $10,000 in a class service award and Plaintiff Strache $7,000 in a class service award.

10. <u>Motion for Fees and Expenses</u>. No later than December 8, 2017, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses. No later than February 28, 2018, Plaintiffs must file papers in support of final approval of the Settlement and response to any written objections must be filed.

11. <u>Settlement Claims Administrator</u>. Kurtzman Carson Consultants is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administration as set forth in the Settlement Agreement and this Order.

12. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Classes directly (using e-mail and post cards) and establishment of a Settlement Website, as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan by no later than November 15, 2017 ("Notice Deadline"). The Claims Administrator will file with the Court no later than February 28, 2017, proof that notice was provided in accordance with the Agreement and this Order.

13. <u>Opt-Out and Objection Deadline</u>. Persons in the Settlement Classes who wish to either object to the Settlement or request exclusion from the Settlement Classes must do so by

January 12, 2018. Persons in the Classes may not both object and opt-out. If a person requests to opt-out and objects, the request to opt-out will control.

      14. Exclusion from the Settlement Classes. To request exclusion from the Settlement Classes, a person must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be in writing; (ii) identify the case name *Kelly Strache v. SCI Direct, Inc. d/b/a Neptune Society*, Case No.17-cv-4692; (iii) state the name, address and telephone of the Person seeking exclusion; (iv) be physically signed by the Person(s) seeking exclusion; and (v) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the Settlement Classes in *Kelly Strache v. SCI Direct, Inc. d/b/a Neptune Society*, Case No.17-cv-4692." No request for exclusion will be valid unless all of the foregoing information is included. No person may exclude any other person or any group of persons from the Settlement Class(es).

      15. The Claims Administrator will retain a copy of all requests for exclusion. No later than February 28, 2018, the claims administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

      16. If a timely and valid request for exclusion is made, the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

      17. All Class Members will be bound by all determinations and judgments concerning the Settlement.

      18. Objections. To object to the Settlement, Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and

Objection Deadline. Settlement Class Members must also mail the objection by the Opt-Out and Objection Deadline to each of the following: (i) Class Counsel – Jeremy Glapion, Glapion Law Firm, 1704 Maxwell Drive, Wall, NJ 07719; (ii) SCI's counsel – Joseph Wylie, K&L Gates LLP, 70 W. Madison Street, Suite 3100, Chicago, IL 60602. In connection with an objection, the objecting person must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of one of the Settlement Classes, including providing a telephone number that was called, as well as a telephone number at which the objector can currently be reached for follow up; (b) include a statement of specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the objecting member is represented by an attorney, list all other cases in which the member has filed an objection. The Court will not consider an objection unless the objection includes all of the foregoing information.

19. Any person who fails to comply with Paragraph 19 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Classes will be bound by all determinations and judgments in the Action, whether unfavorable or unfavorable to the Settlement Classes.

20. For any objection filed, the Clerk of the Court is ordered to redact any social security number, street address, telephone number, and last name except the first letter of the last name in order to protect the objector's privacy. The objector's first name and city, state, and zip code, as well as the objection, will be redacted.

21. If for any reason whatsoever this Settlement is not finalized or finally approved by the Court, the certification of the Settlement Classes shall be void and the Parties and the Action will return to the status quo as it existed prior to the Settlement Agreement, subject to section 11.2 of the Agreement, and no doctrine of waiver, estoppel, or preclusion will be asserted in any proceedings, in response to any motion seeking class certification. No agreements, documents, or statements made by or entered into by any Party regarding the Settlement may be used by Plaintiffs, any person in the Settlement Classes, SCI, or any other person to establish liability, any defense, and or any of the elements of class certification, whether in the Action or in any other proceeding.

22. In the event the Settlement is not finally approved, or is terminated, canceled, or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Settlement Agreement, shall be returned to SCI within 15 days of the event that causes the Agreement not to become effective.

23. <u>No Admission of Liability</u>. The Settlement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by SCI, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for the purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

24. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures regarding approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the persons in the Settlement Classes.

25. <u>Costs</u>. The Court approves Class Counsel's estimate of administrative costs associated with effectuation the Settlement of approximately $728,225. The Court approves this amount, plus an additional allowance for potential cost overrun of ten (10) percent of this amount. Should the Costs exceed this allowance, Class Counsel must submit a Motion as soon as possible detailing the reasons for this overrun and providing a new estimate.

26. <u>Schedule of Future Events</u>. Accordingly, the Court adopts the following schedule as the deadlines on or by which certain events must occur:

| November 15, 2017 | Deadline for Notice to be provided. |
| December 8, 2017 | Deadline for Fee Petition |
| January 12, 2018 | Deadline to file objections or submit requests for exclusion |
| February 13, 2018 | Deadline for Members to Submit a Claim |
| February 28, 2018 | Deadline to file the list of exclusions, proof of notice, and final approval motion and memorandum. |
| March 14, 2018, 2:00 PM CT | Final approval hearing. |

IT IS SO ORDERED.

Dated: 10/18/17

_____
Hon. John Z. Lee
United States District Judge