# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LINDA ALLARD and KELLY STRACHE**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**SCI Direct, Inc. d/b/a Neptune Society**<br><br>Defendant. | Civil Case No.: 17-cv-4692 |

**PLAINTIFFS' STIPULATED MOTION FOR MODIFICATION OF PRELIMINARY APPROVAL ORDER**

On October 18, 2017, this Court preliminary approved a class action settlement in this matter. (Dkt. No. 25.) The notice plan in this settlement called for notice to be delivered via post-card (Exhibit A) and email (for those whose email addresses were provided or could be located), as well as the creation of a settlement website and phone support. (Dkt. 18-2 at 4.1(c-e), 5.3(e)) Claims could be filed through four methods: returning the pre-paid post-card, obtaining and mailing a claim form, online, and by telephone. (*Id.* at 5.1(a))

On December 8, 2017, a class member named Mr. Bill Hoke informed the Court (and counsel) via mail to the Court of potential confusion on how to fill out the post-card claim form sent to class members. (Dkt. No. 31) On review of Mr. Hoke's concerns, Class Counsel realized that the post-card notice differed slightly from that approved by the Court. (Exhibit B, Sent Post-Card.)

Specifically, the post-card notice sent out provided space to provide Street Address, City, State, Zip Code, Email, and Telephone Number, but above the address fields, the card noted "Change of Address Only." While this comports with best practices[1] and is consistent with notice provided in class actions in which the administrator is provided with contact information for the class members, as was the case here, the post-card inadvertently contained language asking the class member to provide their name and address, despite no line (other than signature) for name, and the "Address" fields stating they were to be used for "Change of Address Only."

Immediately, Class Counsel undertook several steps to rectify this issue. On Saturday, December 9, Class Counsel called Mr. Hoke directly to discuss his concerns and to explain to him how to file a claim through the settlement website. Mr. Hoke was satisfied with this, and

---

[1] Given that the parties already had class members' mailing addresses and names, and the preprinted form already contained class members' name and contact information, asking class members to re-provide that information would be inefficient.

1

followed up via email thanking Class Counsel for following up and assisting, going so far as to call Class Counsel a "credit to [his] profession."

Also on Saturday, Class Counsel emailed the settlement administrator to discuss both how this error occurred and to set up a call to discuss solutions. This call was set for and held Monday, December 11, 2017 at 10:30 AM eastern. As a result of this call, the following steps have been and (provided this Motion is granted) will be taken:

- *First*, Class Counsel drafted language explaining how to properly fill out the original post-card notice and providing a reminder of the claims deadlines and the other options available to file a claim.

- *Second*, Class Counsel instructed the settlement administrator prepare both an email and a post-card for mailing that contained the drafted language, with the former to be sent to those who received email notice and the latter to those for whom an email address was not available. (Exhibit C.)

- *Third*, should the Court grant the request herein, Class Counsel shall instruct the settlement administrator to immediately send the clarification email and postcard.

- *Fourth*, Class Counsel confirmed with the settlement administrator that no one who submitted a post-card claim on the originally sent post-card will be denied a claim so long as the appropriate boxes were checked identifying class membership, the post-card was signed, and there were no indications of fraud.

Class Counsel also made clear to the settlement administrator that the costs of sending the clarification – estimated to be approximately $95,000 – should not be an additional cost borne by class members. To that end, the settlement administrator has agreed to waive its hours associated with the email and mailing, and Class Counsel intends to amend his fee request on the record at

2

the final approval hearing to subtract from the fee requested in his Motion for Attorneys' Fees, Costs, and Service Awards (Dkt. 26) the final costs attributable to sending the clarifying email and post-card.

These steps are taken out of an abundance of caution rather than because of any indications of widespread confusion. To the contrary, as of December 11, 2017, more than 45,000 claims have been made, over 38,000 of which were done via return of the postcard claim forms. Considering there are more than two months remaining in the claims process, this is an exceptional claims rate of 5.71%, and suggests that any confusion is relatively isolated. Nonetheless, to the extent such confusion does exist, as it did for Mr. Hoke, Class Counsel believes the steps listed herein are sufficient to correct that confusion, with plenty of time remaining to file claims.

Class Counsel does not believe that an extension of the February 13, 2018 claims deadline is necessary, nor is it necessary to move any of the remaining deadlines. Should the Court grant the request in this Motion, the clarifying email and post-card will go out before the holidays, and Class Members will have nearly two more months to file claims.

Accordingly, Plaintiff respectfully asks that the Court authorize Class Counsel to have a clarifying email sent to class members who were previously sent email notice, and to send a clarifying post-card notice to those for whom the parties do not possess email addresses. Defendant does not object to the relief requested herein.

Dated: December 12, 2017 */s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

4